**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JIMMY DON TURNBOUGH**                                            **PETITIONER**
**ADC #152249**

**V.**                          **No. 4:21-CV-00723-LPR-ERE**

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction**                  **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

This Recommendation has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of the Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.    Summary

Petitioner Jimmy Don Turnbough's § 2254 habeas petition, which was filed over seven years after the one-year limitations period expired, should be dismissed as time-barred.

III.   **Background**

On April 20, 2012, a jury convicted Mr. Turnbough of raping an eleven-year-old girl. He was sentenced to 480 months in prison.

Mr. Turnbough appealed his conviction, and the Arkansas Court of Appeals affirmed the conviction and sentence on April 17, 2013. *Turnbough v. State*, 2013 Ark. App. 235 (2013). Mr. Turnbough failed to (1) seek rehearing; (2) appeal to the Arkansas Supreme Court; or (3) file a motion for post-conviction relief.

On August 10, 2021,[1] Mr. Turnbough filed the § 2254 Petition for a Writ of Habeas Corpus now before the Court. *Doc. 1*. The petition asserts claims for: (1) ineffective assistance of counsel for failing to "demand" that the trial court direct DNA testing for comparison; (2) prosecutorial misconduct because there was insufficient DNA evidence to support the rape charge; (3) ineffective assistance of counsel for failing to "object at . . . trial to the preparation of the children [witnesses] without their being a train child psychologist present"; (4) insufficient DNA evidence to support the conviction; and (5) DNA testing. *Id.*

Respondent filed a response arguing that Mr. Turnbough's petition is time-barred, procedurally defaulted, and meritless. *Doc. 6*. The Court gave Mr.

---

[1] Although the Complaint was docketed on August 12, 2021, it is dated and postmarked August 10, so it is considered filed on August 10, 2021. See *Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) ("Under the prison mailbox rule, a *pro se* pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline.").

Turnbough the opportunity to file a reply, but he did not file one by the October 28, 2021 deadline.

For the reasons discussed below, the Court concludes that Mr. Turnbough's habeas Petition is untimely and recommends that it be dismissed.[2]

## IV.   <u>Discussion</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations governs a state prisoner's federal habeas corpus challenge to his conviction. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of four alternative dates, and the applicable date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

When a state prisoner fails to seek discretionary review of his conviction in the state's highest court, the judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); see *Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (in cases decided by the Arkansas Court of Appeals, a conviction becomes "final" when the prisoner can no longer file a petition for review with the Arkansas Supreme Court).

---

[2] Accordingly, the Court need not address Respondent's other arguments for dismissal.

After the Arkansas Court of Appeals entered its decision on April 17, 2013, Mr. Turnbough had eighteen calendar days to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals' decision). Because the eighteenth day fell on Sunday, May 5, 2013, the next day, Monday, May 6, 2013, was Mr. Turnbough's last day to file a timely petition for review. See Ark. R. App. P. - Crim. 17. The following day, Tuesday, May 7, 2013, Mr. Turnbough's conviction was final and AEDPA's statute of limitations began running.[3] Absent any applicable period for statutory or equitable tolling, Mr. Turnbough had one year from that date – until Wednesday, May 7, 2014 – to file his § 2254 habeas petition. Instead, Mr. Turnbough filed his petition over seven years later – on August 10, 2021.

Mr. Turnbough failed to file a Rule 37 petition. See Ark. R. Crim. P. 37.1. Accordingly, he cannot rely on statutory tolling to extend the limitations period. See 28 U.S.C. § 2244(d)(2) (the one-year limitations period is tolled while "properly filed" Rule 37 petition for post-conviction relief is pending in state court).

---

[3] See *King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

4

While Mr. Turnbough does not argue that equitable tolling applies to save his time-barred petition, the Court has *sua sponte* considered the issue. To apply, Mr. Turnbough would be required to show: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Eighth Circuit has repeatedly held that a prisoner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); see also *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) ("Because the doctrine is reserved for extraordinary circumstances, it gives the plaintiff an 'exceedingly narrow window of relief.'") (citation omitted). The record provides no factual support for applying equitable tolling to save Mr. Turnbough's time-barred habeas claims.

The Court has also considered whether Mr. Turnbough has asserted a gateway claim of actual innocence that might excuse his late filing. *McQuiggin v. Perkins*, 569 U.S. 383, 385-86 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations; to successfully invoke the exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Mr. Turnbough argues that the State "lacks any DNA or solid

proof to support the allegation of any rape,"[4] and he offers to provide a DNA sample for testing, suggesting that it will exonerate him of rape. Construed liberally, this could be considered a claim of actual innocence.

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Mr. Turnbough's proposed additional DNA evidence is not "new evidence" required to support an actual innocence claim. As a threshold matter, Mr. Turnbough already provided DNA to the police during the investigation. *Tr. 6-3 at p. 96 of 179.*[5] At trial, a forensic DNA examiner testified that DNA found on the victim's bed "originated from . . . Jimmy Don Turnbough, within all scientific certainty." *Id. at 113-115 of 179.*

Thus, Mr. Turnbough was on notice at trial that: (1) he had provided DNA evidence; and (2) the results supported his guilt. Mr. Turnbough's belated request for another round of DNA evidence is not "new evidence" which was "not available at trial through the exercise of reasonable diligence." *Schlup*, 513 U.S. at 324; *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (holding that when a habeas

---

[4] Petition, *Doc. 1 at p. 7.*

[5] The investigator testified that he took swabs from each side of the cheeks inside Mr. Turnbough's mouth, with Mr. Turnbow's oral and written permission. *Tr. 6-3 at p. 96-97 of 179.*

petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis"). Instead, Mr. Turnbough's request appears to be nothing more than a fishing expedition or a desire for a second trial. *Battle v. Delo*, 64 F.3d 347, 354 (8th Cir. 1995) (The actual innocence gateway was never intended "to provide the opportunity for fishing expeditions and delay" or "a second trial.").

The record fails to come close to suggesting that if new DNA samples were taken from Mr. Turnbough, it is more likely than not that no reasonable jury would have voted to convict him. *McQuiggin*, 569 U.S. at 386. Of course, Mr. Turnbough's unexplained delay of seven years in seeking habeas relief further weighs against an actual innocence claim. *Id. at 385*.

Mr. Turnbough has failed to raise sufficient doubt about his guilt to allow him to pursue a gateway actual innocence claim.

## V.    Conclusion

All of Mr. Turnbough's federal habeas claims were asserted *after* the one-year limitations period expired, and neither tolling nor actual innocence will excuse his late filing.

IT IS THEREFORE RECOMMENDED THAT:

1.    All claims asserted in Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2.    A Certificate of Appealability be DENIED pursuant to Rule 11(a) of

the Rules Governing Section 2254 Cases.[6]

DATED this 4th day of November, 2021.

_____

UNITED STATES MAGISTRATE JUDGE

---

[6] The COA should be denied because Mr. Turnbough has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).